NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re LOUIS AND JOSEPHINE GUARNERI, <br> Debtors. <br><br> BARRY SHARER, <br>  Appellant, <br> v. <br> LOUIS T. GUARNERI, JOSEPHINE GUARNERI, <br>  Appellees. | Bankruptcy Action No. 16-33945 (KCF) <br><br> Civil Action No. 18-15467 (MAS) <br><br> **ON APPEAL FROM THE BANKRUPTCY COURT OF THE DISTRICT OF NEW JERSEY** <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Trustee Barry Sharer's (the "Trustee") appeal from the Bankruptcy Court's October 24, 2018 Order Granting Louis T. Guarneri and Josephine Guarneri's (collectively, the "Guarneris" or "Debtors") Motion to Compel Trustee to Abandon Interest in Debtors' Conditional Future Interest in Real Estate and to Close Case. (Appellant's Br., ECF No. 4.) Debtors responded (Appellees' Opp'n Br., ECF No. 5), and the Trustee replied (Appellant's Reply Br., ECF No. 7). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court remands the matter for further proceedings consistent with this Memorandum Opinion.

## I. BACKGROUND

### A. The Rider to the Deed

On August 9, 2013, a deed was recorded between Ariana Erickson, as grantor, and Straigtway Baptist Church (the "Church"), as grantee, transferring real property (the "Property") to the Church. On April 16, 2014, members of the Church and the pastor of the Church, Louis Guarneri, executed a rider to the Deed. (See Rider, Ex. A to Debtors' Motion, Bankr. ECF No. 39-2.)[1] The Rider states, in relevant part:

> WHEREAS, it is the intent of the congregation to grant certain rights to Pastor Louis Guarneri and his spouse.
>
> THEREFORE, IT IS HEREBY MUTUALLY AGREED THAT:
>
> 1. In the event Pastor Louis Guarneri should decease or become disabled prior to him becoming (65) sixty-five years of age, the members of the congregation of the Straigtway Baptist Church do hereby grant and convey ownership of the subject property to Mrs. Josephine Guarneri for the consideration of $1.00.
> 2. It is hereby understood that the afore-mentioned transfer can only occur on the condition that Louis Guarneri is still acting as the Pastor of the Straigtway Baptist Church.
> 3. It is further agreed that if Louis Guarneri is still acting as the Pastor of the Straigtway Baptist Church on his (65th) sixty-fifth birthday, all right[,] title and interest in the subject property shall transfer to Louis Guarneri for the consideration of $1.00.

(*Id.* at 1.)

### B. The Bankruptcy Court Proceedings

On December 16, 2016, the Guarneris filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the District of New Jersey. (Pet., Bankr. ECF No. 1.)

On January 24, 2017, in an Amended Form 106, the Guarneris identified the Property as a conditional future interest of unknown value and claimed a $23,000 exemption for the Property

---

[1] Docket entries from the bankruptcy proceeding, *In re Louis T. Guarneri and Josephine Guarneri* (*In re Guarneris*), No. 16-33945 (Bankr. D.N.J.), are designated as "Bankr. ECF No."

2

pursuant to 11 U.S.C. § 522(d)(5). (Am. Sched. 3-4, Bankr. ECF No. 8.) The Bankruptcy Court allowed the exemption over the Trustee's objection, noting the "allowance of the exemption [was] not to be construed as a determination of the nature, extent, or value of the Debtors' or the Debtor Estate's Interest in the subject property." (May 11, 2017 Order, Bankr. ECF No. 37.)

On August 29, 2018, Debtors moved to compel the Trustee to abandon interest in Debtors' conditional future interest in the real estate and to close the case. (Debtors' Moving Br., Bankr. ECF No. 39.) The Trustee opposed (Trustee Opp'n Br., Bankr. ECF No. 43), and the Debtors replied (Debtors' Reply Br., Bankr. ECF No. 44).

On October 23, 2018, the Bankruptcy Court held oral argument on the motion. The Parties at oral argument did not dispute that the Debtors had a contingent interest in the Property. (*See* Hr'g Tr. at 2:15-18; 5:16-19, Bankr. ECF No. 65.)

In an oral opinion, the Bankruptcy Court granted Debtors' Motion. The Court concluded the interest was not property of the estate, identifying several reasons why the Rider should be abandoned: (1) if it is a devise or bequest under section 541(a)(5), it failed to vest after 180 days of the petition date; (2) if it is a future gift, it is burdensome to the estate; or (3) if it is a contingent interest, even if it is rooted in the Debtors' prebankruptcy past, it did not vest as of the petition date and was therefore not alienable. (*See id.* at 6-8.) The Court also found the Trustee's position to be "untenable as a practical matter, as it would mean there is no limit to the length of time a case could remain open in the hopes that conditions for a gift materialize." (*Id.* at 8.) The Court thus granted Debtors' Motion to Compel Abandonment and to Close Case. (*Id.*)

**C.    The Appeal**

The Trustee contends on appeal that the Bankruptcy Court erred in finding the Debtors' interest in the Property was not property of the estate. (Appellant's Br. 8, ECF No. 4.)

3

## II. STANDARD OF REVIEW

This Court has jurisdiction to hear appeals from bankruptcy courts under 28 U.S.C. § 158(a), which provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . from final judgments, orders, and decrees; . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a)(1), (3).

The Court reviews the Bankruptcy Court's legal conclusions *de novo* and its factual findings for clear error. *In re Majestic Star Casino, LLC*, 716 F.3d 736, 747 (3d Cir. 2013).

## III. DISCUSSION

Appellant argues the Bankruptcy Order should be reversed because the Court incorrectly concluded that the Debtors' contingent interest in the Property was not property of the Debtors' bankruptcy estate. For the following reasons, having conducted a *de novo* review, the Court vacates the decision of the Bankruptcy Court and remands the matter for further proceedings.

### A. Applicable Law

Upon the filing of a Chapter 7 bankruptcy petition, a bankruptcy estate is created, which includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). "Property of the estate includes all interests, such as . . . contingent interests and future interests, whether or not transferable by the debtor. It is also well established that the mere opportunity to receive an economic benefit in the future is property with value under the Bankruptcy Code." *In re Fruehauf Trailer Corp.*, 444 F.3d 203, 211 (3d Cir. 2006) (citations and quotations omitted); *see also Majestic Star Casino*, 716 F.3d at 750 ("[T]he term 'property' has been construed most generously and an interest is not outside its reach because it is novel or contingent or because enjoyment must be postponed." (citations omitted)).

A contingent interest is "one in which either the person to take it is not in being or not ascertained, or the event upon which it is to be enjoyed is uncertain, or both; and so the right to the future enjoyment of the property is not fixed." *See Kahn v. Rockhill*, 28 A.2d 34, 36 (N.J. Ch. 1942) (identifying estate in remainder that is solely contingent as to an event is capable of *inter vivos* disposition under New Jersey statute). That a contingent interest did not vest at the time of the petition is of no import in the "property of the estate" determination. *See, e.g., Estate of Lellock v. Prudential Ins. Co. of Am.*, 811 F.2d 186, 189 (3d Cir. 1987) (holding insurance policy property of the estate even though the policy had not matured, had no cash surrender value, and was otherwise contingent); *see also Segal v. Rochelle*, 382 U.S. 375, 380 (1966) (noting "contingency in the abstract is no bar" to including interest as estate property).

A trustee may treat a contingent interest as it would any other property interest and may choose to: "(1) keep the Chapter 7 case open and see if the contingent interest matures . . . ; (2) sell the contingent right . . . for whatever the market will bid; or, (3) if no buyer exists and it is unreasonably burdensome to keep the estate open, the trustee can seek an order authorizing [him] to abandon the contingent right." *In re Clay*, 241 B.R. 534, 539 (Bankr. N.D. Tex. 1999) (citation omitted). Through any of these three actions, the trustee succeeds to "exactly what the debtor had in terms of recovery . . . as of the date of the petition, i.e., a contingent right" to the Property. *In re Groves*, 120 B.R. 956, 966 (Bankr. N.D. Ill. 1990).

The Third Circuit elaborated on this process in *Westmoreland*:

> Under the scheme contemplated by the Bankruptcy Code, a debtor's creditors are typically compensated to the extent possible and in as equitable a fashion as possible pursuant to a court-approved plan, generally after the trustee marshals the debtor's bankruptcy property and liquidates it at a bankruptcy sale. As a practical matter, in order for such a procedure to generate a pool of funds from which creditors can be compensated, the items constituting the bankrupt's property must be readily alienable and assignable—i.e., they must be capable of being sold to a third party and of fetching some value as a consequence of that sale.

*Westmoreland Human Opportunities v. Walsh*, 246 F.3d 233, 251 (3d Cir. 2001); *see also Majestic Star Casino*, 716 F.3d at 758 (citation omitted).

B.  **Analysis**

What constitutes property of a bankruptcy estate is a question of law. *Westmoreland*, 246 F.3d at 242. State law generally governs whether a certain property right is an asset of a bankruptcy estate. *Majestic Star Casino*, 716 F.3d at 751 (*citing Butner v. United States*, 440 U.S. 48, 54 (1979)).

The court below found the Debtors' interest could be a "future gift that is burdensome to the estate and should be abandoned" but did not provide support for that proposition. (Hr'g Tr. 7:5-6.) Debtors, in opposing this Appeal, cite to the Supreme Court's decision in *Segal*. (Appellees' Opp'n Br. 4-5.) In *Segal*, the Court found the debtor's claims to loss-carryback funds were property of the estate because they were contingent interests "sufficiently rooted in the pre-bankruptcy past" and "transferable" within Section 70 of the Bankruptcy Act. *Segal v. Rochelle*, 382 U.S. 375, 380, 385 (1966). *Segal*, however, does not discuss promised gifts or bequests in any substantive manner.

The court below found, in the alternative, that the Rider was either a bequest or devise which failed to become property of the estate after 180 days. (Hr'g Tr. 7:1-5.) Under § 541(a)(5), any asset the debtor acquires by bequest or devise (or otherwise) within 180 days of the petition that would have been property of the estate had the debtor had an interest in it at the start of the case is considered property of the estate. (*See* 11 U.S.C. § 541(a)(5)(A).) Section 541(a)(5) is an exception to the general rule that post-petition gains are not property of the estate. (*See* 11 U.S.C. § 541(a)(6) (excluding "earnings from services performed by an individual debtor after the commencement of the case" from property of the estate).)

Examining only the Bankruptcy Court's decision, the Court turns to the definitions of "bequest" and "devise". A bequest is defined as an "act of giving property ([usually] personal property or money) by will." Black's Law Dictionary (11th ed. 2019) (emphasis added). A devise is defined as an "act of giving property by will." Black's Law Dictionary (11th ed. 2019) (emphasis added). Here, the court below did not point to a will (and neither do the Debtors in their response), and so section 541(a)(5) is seemingly not implicated.

The court below also found, in a second alternative, that the Rider created an interest which as of the petition date had not vested and was not readily alienable, and therefore was not part of the estate property, citing *Majestic Star Casino*. (Hr'g Tr. 7:24-8:7; 8:6-8.) In *In re Majestic Star Casino*, the Third Circuit examined whether a debtor subsidiary's entity tax status was property of the estate. The court stated one consideration that "as a practical matter [in order to generate funds to satisfy creditors] . . . a property interest must be readily alienable and assignable." 716 F.3d at 758. The court, however, also pointed to the fact that the debtor had no control over the tax classification. *Id.*; *see also In re Fruehauf Trailer*, 444 F.3d at 211 (finding contingent interest estate property "whether or not transferable by the debtor"). The court in *Majestic Star Casino*, therefore, did not hold that a contingent interest must be alienable to be considered estate property. In other words, a trustee may opt to sell the contingent interest or may hold onto it until it vests. *See, e.g.*, *In re Groves*, 120 B.R. at 965-66 (finding debtor's contribution to the State Employee's Retirement System plan is property of the estate). Thus, a contingent interest need not be alienable, assignable or transferable to be considered as property of the estate.

Here, based on the record before the Court, it appears that the Rider granted Debtors a contingent future interest in the Property, which, absent a demonstrable exception in the Code, should be property of the estate. That is, by the Rider, the Guarneris have an interest in the property

7

so long as Louis Guarneri remains the pastor of the Church by the age of 65. By its very definition, a contingent interest as of the petition date would not vest on the petition date.[2]

## IV. CONCLUSION

For the foregoing reasons, the Court vacates the October 24, 2018 Order of the Bankruptcy Court and remands the matter for further proceedings consistent with this Memorandum Opinion.

An order consistent with this Memorandum Opinion will be entered.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[2] As the parties did not brief the issue and the Trustee's brief only raised the issue in a footnote, the Court does not reach whether the Rider constitutes an executory contract. The Bankruptcy Court is free to consider this issue upon remand. Furthermore, the Court declines to analyze issues the parties have not adequately briefed that may affect the calculus of whether Debtors' contingent interest is estate property. For example, as the Bankruptcy Court noted, the parties have not briefed whether subsection 541(a)(5) is applicable. The Court also notes that the parties have not briefed whether certain Code subsections may act to exclude the contingent interest from estate property and whether equity concerns remain.